**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jay Taylor Mosher,

Plaintiff,

v.

Anderson Voss et al.

Defendants.

Case No. 2:26-cv-01066-CDS-BNW

**ORDER**

Before this Court is Plaintiff's renewed motion for service by the U.S. Marshals Service ("USMS") or by alternative means. ECF No. 17. For the reasons below, this Court denies Plaintiff's motion without prejudice.

## I. RELEVANT HISTORY

This Court granted Plaintiff's previous request for service via the USMS on May 5, 2026. ECF No. 11. Plaintiff then filed a notice stating that this service was unsuccessful. ECF No. 15. Now, Plaintiff renews his request for service via the USMS or, alternatively, requests service by other means.

## II. LEGAL STANDARD

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Federal Rule of Civil Procedure ("FRCP") 4.

Among other methods, the Federal Rules permit service by U.S. marshal. FRCP 4(c)(3). The court *may* order such service upon a plaintiff's request and *must* order such service if the requesting plaintiff is proceeding in forma pauperis or as a seaman. *Id.* The Federal Rules further state that service is proper when completed in accordance with the law of the state where the district court is located. FRCP 4(e)(1).

## III. <u>ANALYSIS</u>

### a. Renewed Service By the USMS

In its July 16, 2026, minute order, this Court stated:

> If Plaintiff wishes to have service again attempted on an unserved defendant, he must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

ECF No. 16.

In the present motion, Plaintiff does not specify more detailed names for Defendants. *See generally* ECF No. 17. While he does provide an additional residential address where service has not been attempted, it is unclear whether personal service at this address would be successful. *Id.* Additionally, it appears the service attempts at two business addresses provided by Plaintiff were unsuccessful due to the subject businesses being closed. *See* ECF No. 14. Plaintiff did not provide further information regarding the exact addresses of these businesses or times when service should be attempted.

This Court finds that Plaintiff has not provided enough information establishing that renewed service via USMS would yield a different result. Accordingly, Plaintiff's motion for renewed service via USMS is DENIED without prejudice.

### b. Service By Alternative Means

Pursuant to FRCP 4(e)(1), Plaintiff also moves this court for service by alternative means. Nevada Rule of Civil Procedure (NRCP) 4.4 governs alternative service methods in Nevada. If a party demonstrates that the service methods provided in NRCP 4.2, 4.3, and 4.4(a) are impracticable, the court may direct that service be accomplished through any alternative service method. NRCP 4.4(b)(1). A party moving for alternative service must also comply with the requirements of NRCP 4.4(b)(2).

Here, Plaintiff has not demonstrated that the traditional service methods are impracticable, nor has he complied with NRCP 4.4(b)(2). Accordingly, Plaintiff's motion for alternative service is DENIED without prejudice.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's renewed motion for service by the U.S. Marshals Service or by alternative means (ECF No. 17) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may refile a motion for service by the U.S. Marshals Service if he can provide new, additional information regarding the unserved Defendants' addresses and instructions for service. If he chooses to file such a motion, he should do so by August 12, 2026.

**IT IS FURTHER ORDERED** that Plaintiff may refile a motion for service by alternative means which addresses the requirements of NRCP 4.4(b)(1)-(2). If he chooses to file such a motion, he should do so by August 12, 2026.

**IT IS FURTHER ORDERED** that Plaintiff shall have until August 26, 2026, to serve Defendants.

DATED: July 29, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE